IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONARD CHARLES WAFER, § | | |
| Petitioner, § | | |
| § | | |
| v. § | No. 3:17-cv-2844-G (BT) | |
| § | | |
| LORIE DAVIS, *Director,* TDCJ-CID § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Leonard Wafer, a Texas prisoner, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the petition should be dismissed as barred by the statute of limitations.

I.

Petitioner challenges his 2007 conviction for aggravated kidnapping and resulting thirty-year sentence. *State of Texas v. Leonard Charles Wafer*, No. 31,328 (13th Dist. Ct., Navarro County, Tex., Nov. 7, 2007). On August 12, 2009, the Tenth District Court of Appeals affirmed. *Wafer v. State*, No. 10-07-00367-CR (Tex. App. – Waco 2009, no pet.), 2009 WL 2462655. Petitioner did not file a petition for discretionary review.

On June 19, 2015, Petitioner filed a state habeas petition, *Ex parte Wafer*, No. 83,610-01. On November 9, 2016, the Court of Appeals denied the petition without written order on the findings of the trial court after a hearing. On February 6, 2017, Petitioner filed a second state habeas petition, *Ex parte Wafer*,

1

No. 83,610-02, which the Court of Criminal Appeals dismissed as successive, on April 5, 2017.

On August 15, 2017, Petitioner filed the instant § 2254 petition, in which he argues:

1. He received ineffective assistance of counsel when counsel: (1) failed to request copies of the surveillance video and the prosecutor's interview of a motel clerk; (2) failed to argue that Petitioner's wife should be charged with murder; and (3) failed submit records of Petitioner's wife's mental disorders.

2. He received ineffective assistance of counsel at trial, on appeal, and during his state habeas proceedings which resulted in his wrongful conviction; and

3. The evidence was insufficient to support his conviction.

II.

**A.   Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1]   The statute provides that the limitations period shall run from the latest of--

2

Here, the Tenth District affirmed Petitioner's conviction and sentence on August 12, 2009. Petitioner did not file a petition for discretionary review. His conviction therefore became final thirty days later, on September 11, 2009. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until September 11, 2010, to file his federal petition.

The filing of a state petition for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On June 19, 2015, Petitioner filed his first state habeas petition. However, this petition was filed after the AEDPA

---

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

3

limitations period expired. It therefore did not toll the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner's deadline for filing his § 2254 petition was September 11, 2010. He did not file his petition until August 15, 2017—almost *seven years* after limitations expired. His petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Petitioner argues he is entitled to equitable tolling because he is *pro se* and is not educated in the law. These claims, however, do not entitled him to equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000)

4

(finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, and lack of legal training do not support equitable tolling of the AEDPA statute of limitations). Petitioner has failed to establish that he was misled by the State or prevented in some extraordinary way from asserting his rights. He is therefore not entitled to equitable tolling.

### III.

The petition for a writ of habeas corpus should be dismissed with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. §2244(d).

Signed December 27, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).